In the Matter of PATRICK W. DAVEY, Appellant, v. EWALD B. NYQUIST, as Acting Commissioner of Education of the State of New York, Respondent.— COOKE, J. Appeal from a judgment of the Supreme Court at Special Term, entered November 26, 1968 in Albany County, which dismissed the petition, in a proceeding under CPLR article 78, to set aside the determination of the Acting Commissioner of Education dismissing the appeal of petitioner and others to the Commissioner of Education and seeking to annul the results of a special school district reorganization meeting. The special election was called to enable qualified persons of Central School District No. 1 of the Towns of Ausable and Peru, Clinton County, and Chesterfield and Willsboro, Essex County, and Central School District No. 1 of the Towns of Black Brook, Clinton County, and Jay, Chesterfield, Wilmington and Keene, Essex County, and Franklin, Franklin County, to vote on the establishment of a new central school district embracing said two then existing central districts. On November 21, 1967 the Commissioner of Education issued an order pursuant to section 1801 of the Education Law establishing a new central school district. An election for the purpose of organizing said central school district and establishing a central school therein was held on December 5, 1967 and the board of canvass therefor certified that the proposition to so organize and establish was approved by a vote of 1161 yes to 1153 no, with 24 void ballots. The Acting Commissioner of Education conducted a recount of all ballots and determined that the proposition was approved by a vote of 1152 to 1140, with 45 void ballots. The alternative voting procedure provided for in section 1803-a of the Education Law was employed and voting in each of the two original central districts was authorized under subdivision 2 thereof. The parties agree that neither of the original districts had adopted a system of personal registration and personal registration for the new central school district would have to await the coming into existence of a board of education therefor (Education Law, §§ 1803-a, subd. 7, 1805, 2014). In view of the provisions of section 2012 of the Education Law then in effect, setting forth the qualifications of voters at district meetings, the brochure distributed prior to the election did not warrant any nullification of the action taken thereat. Each stated the same rule regarding the spouse of an owner of taxable real property and the spouse of a renter. There is no claim or indication of intent on the part of anyone to mislead. While the petitioner in the proceeding before the Commissioner challenged the determination of the board of canvass declaring 24 ballots void, there was no error by the Acting Commissioner in conducting a recount of all ballots (Education Law, §§ 310, 1803-a). Indeed, simple fairness dictates that all ballots be tested by the same standards. There has been no showing of error in the actual application of the statutory standards of void ballots to all ballots. Judgment affirmed, without costs. Gibson, P. J., Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.; Aulisi, J., not voting.